**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**LUIS ALBERTO VALESQUEZ, ANDRES APONTE BECERRIL, PAVIA PAVIAS, a/k/a MARTIN ISRAEL, PETER M. SANCHEZ, CARMEN LOPEZ, TAMER MABROOK SAMIR, AHMED AHMED, individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**-against-**

**SCHWARTZ FRUITS & VEGGIES CORP., d/b/a HUDSON MARKET PLACE, HEAVENLY MARKET 3O ST INC. d/b/a HEAVENLY MARKET 30 ST, HAMPTONS FRESH DELI INC. d/b/a HAMPTON FOOD MARKET, HAMPTONS FRESH DELII INC. d/b/a HAMPTON FOOD MARKET, NAJIR NASSAR a/k/a VICTOR NAJ, MOHAMMED SALEH a/k/a NAJ KENNEDY, FAH SALEH, BILLAL MUSLEH, AHMED A. MUSLEH, BASHAR NASSAR, SALEH ALI SALEH and DOES NO. 1 through NO. 20, Corporately and Individually, Jointly and Severally,**

**Defendants.**

**CLASS & COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

LUIS ALBERTO VALESQUEZ, ANDRES APONTE BECERRIL, PAVIA PAVIAS a/k/a MARTIN ISRAEL, PETER M SANCHEZ, CARMEN LOPEZ. TAMER MABROOK SAMIR, AHMED AHMED, (together the “Plaintiffs”), individually and on behalf of all others similarly situated, as class and collective representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are hourly employees who worked for Defendants as grocery/deli workers in Various locations throughout the City of New York. During their employment, the Defendants did not pay the Plaintiffs the proper minimum wage, overtime wage and spread of hour wages pursuant to the Federal Labor Standards Act (“FLSA”) and the New York Labor Law (“NYLL”), including but not limited to 29 U.S.C. §§ 201 *et seq.* of the FLSA and §§ 650 *et seq* of the NYLL, and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations of the NYLL.

2. Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants (“Collective Class” and their NYLL claims on behalf of themselves and under the Federal Rule of Civil Procedure 23 class of all similarly situated employees who worked for Defendants during the six (6)-year period preceding the filing of this complaint.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs’ state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs’ claims under the FLSA pursuant to 29 U.S.C. §

216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' businesses are located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. This Court is Can and is requested to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

6. Plaintiff, Luis Alberto Valesquez, ("Valesquez"), was at all relevant times, an adult individual residing in Queens County, New York.

7. Plaintiff Andres Apponte Becerill ("Becerill"), was at all relevant times, an adult individual residing in Bronx County, New York.

8. Plaintiff Pavia Pavias a/k/a Martin Israel ("Israel"), was at all relevant times, an adult individual residing in Kings County, New York.

9. Plaintiff Peter M. Sanchez ("Sanchez) was at all relevant times, an adult individual residing in Bronx County, New York.

10. Plaintiff Carmen Lopez ("Lopez") was at all relevant times, an adult individual residing in Bronx County, New York.

11. Plaintiff Taamer Mabrook Samir ("Samir"), was at all relevant times, an adult individual residing in Bronx County, New York.

12. Plaintiff Ahmed Ahmed ("Ahmed"), was at all relevant times, an adult individual residing in Bronx County.

**Defendants:**

13. Schwartz Fruits & Veggies Corp., d/b/a Hudson Market Place is a New York Corporation

with its principal office at 755 Ninth Avenue, New York, New York 10019.

14. Heavenly Food Market 30th Street Inc. d/b/a Heavenly Food Market 30th Street is a New York Corporation having an address at 312 11th Avenue, New York, New York 10001.

15. Hamptons Fresh Deli Inc. d/b/a Hampton Food Market is a New York Corporation with its principal place of business at 217 First Avenue, New York, New York 10003.

16. Hamptons Fresh Deli Inc.II d/b/a Hampton Food Market is a New York Corporation with its principal place of business at 217 First Avenue, New York, New York 10003.

17. Schwartz Fruits & Veggies Corp., Heavenly Market 30th Street Inc. Hamptons Fresh Deli Inc, and Hamptons Fresh Deli II Inc shall be referred to as (individually a "Corporate Defendant" and collectively the "Corporate Defendants").

18. The operations of the Corporate Defendants are interrelated as a single enterprise and/or joint employer of Plaintiffs and all Collective and Class Members.

19. At all relevant times, the Corporate Defendants operated together as a single integrated business enterprise utilizing the same practices and policies.

20. Najir Nassar ("N. Nassar") is, an individual who, upon information and belief, is the owner and operator of the Corporate Defendants, which he manages and controls.

21. Bashar Nassar ("B. Nassar") is an individual who, upon information and belief, is the owner and operator of the Corporate Defendants, which he manages and controls.

22. Nejian Salleh ("N. Salleh" a/k/a Victor Naji) is an adult individual who upon information and belief, is the owner and operator of the Corporate Defendants, which he manages and controls.

23. Saleh Ali Saleh ("S. Saleh") is an individual, who upon information and belief, is the owner and operator of the Corporate Defendants which he manages and controls.

24. Naser Nagy ("N. Nagy" a/k/a Victor) is an adult individual, who upon information and belief, Naser Nagy is the owner and operator of the Corporate Defendants , which he manages and controls.

25. Ahmed A. Musleh ("A. Musleh) is an individual, who upon information and belief, is the owner and operator of the Corporate Defendants, which he manages and controls.

26. Upon information and belief, at all times relevant to this Complaint, Defendants Najir Nassar, Bashar Nassar, Nejian Salleh a/k/a Victor Naji, Saleh Ali Saleh, Naser Nagy a/k/a Victor and A. Musleh control and are involved in the day-to-day operations of the Corporate Defendants and operate the Defendants stores, including the Corporate Defendants herein. All of the aforementioned Individual and Corporate Defendants controlled, determined and engaged in unlawful wage and hour practices described herein and are referred to herein as the "Individual Defendants".

27. During the last six years prior to the filing of this Complaint and still continuing, the Individual Defendants maintained ownership and/or managerial control over the entities that employed the Plaintiff's, the Collective and the Class and determined the wages of employees, their schedule of employees, and had the authority to hire and fire employees, including Plaintiffs, and members of the Collective and Class and intentionally and willfully violated the FLSA and the NYLL.

28. The Individual Defendants and Corporate Defendants are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder and the Individual Defendants are jointly and severally liable with the Corporate Defendants.

29. **DOES NO. 1 through NO. 20 ("DOE Defendants")** (collectively with the Corporate Defendants and the Individual Defendants, the "Defendants") are persons and/or entities who's names and addresses are unknown to Plaintiffs. Plaintiffs believe that DOES NO. 1 TO DOES No. 20 conducted some of the wrongful acts alleged herein, and as such are jointly and severally liable to Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and capacities of the

DOE Defendants when ascertained. The DOE Defendants are joint employers of the joint enterprise.

30. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and had the power to hire and fire the Plaintiffs, set Plaintiffs work schedules, direct and supervise the Plaintiffs work, set the Plaintiffs wages and maintain the Plaintiffs' payroll records.

31. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

32. At all relevant times, Plaintiffs and the Class Action Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

33. Upon information and belief, at all relevant times, the Corporate Defendants and all the other corporations that are part of the Heavenly Market/Deli enterprise each had and have gross revenues in excess of $500,000.00 and engaged in interstate commerce.

FLSA COLLECTIVE ACTION ALLEGATIONS

34. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring this action as a collective action under the FLSA on behalf of themselves and the following collective:

All non-management employees who worked for Defendants as grocery/deli employees at any time on or after the date that is three years from the filing of this Complaint (the "Collective Action Period") at any of the locations owned by the Corporate Defendants and Individual Defendants in New York who elect to opt- in (the "Collective Action Members").

35. A collective action is appropriate because Plaintiffs and the Collective Action Members are similarly situated, were all subjected to Defendants' common policies of failing to pay minimum wages, overtime premiums for all work in excess of forty (40) hours each week.

36. Plaintiffs and the Collective Action Members have substantially similar job duties, were similarly paid and were subject to the Defendants common wage practices.

37. Defendants' unlawful conduct is and was willful and against all of the Collective Action Members for failure to pay a proper overtime wage rate in excess of one and one half times their hourly rate when they worked in excess of forty (40) hours per week.

38. This action is also filed and initiated as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216 (B). The named Plaintiffs are representative of the other potential collective employees interests in addition to their own.

39. The Collective Action Members are readily ascertainable as their names and addresses are known by the Defendants.

40. Notices can be mailed to the Collective Action Members last known addresses.

**FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

41. Pursuant to the NYLL, Plaintiffs bring their action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All non-management employees who worked for Defendants as general grocery and/or deli employees at any time on or after the date that is six years before the filing of this Complaint at any of the locations owned by the Corporate Defendants and Individual Defendants in New York (the "Class Members").

42. The Class Members are ascertainable as the Defendants have records detailing their contact information, including their names and addresses. Notice can be provided.

43. The number of employees in the Class, including their job description, hours scheduled and worked and their rate of pay can also be determined from the Defendants' records.

44. The proposed class is so numerous that joinder of all members is impracticable and a class action will benefit the Class and the Court as opposed to individual separate actions.

45. Upon information and belief the Class is in excess of forty (40) members. The exact number of individuals who make up the Class are contained in the Defendants' records.

46. Plaintiffs' claims are similar claims held by the Class. All Class members were subject to the same willful illegal employment practices. Plaintiffs and the Class have similar injuries and damages from the Defendants corporate practices.

47. Questions common to the Class include, but are not limited to:

a. whether Defendants employed Plaintiffs and the Class Members as non-exempt employees entitled to minimum wages, overtime compensation, spread of hour wages and penalties under the NYLL;

b. whether Defendants kept accurate time records for all hours worked by Plaintiffs and the Class Members;

c. whether Defendants failed to pay Plaintiffs and the Class Members minimum wage for all hours worked;

d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime wages for hours worked in excess of forty (40) hours per week;

e. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members spread of hour wages for days worked in excess of ten hours and/or worked a double shift per day;

f. whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g. whether Defendants failed to provide proper wage notices to Plaintiffs and Class

Members at the beginning of their employment as required by the NYLL;

h. whether Defendants' failure to properly pay Plaintiffs and the Class Members was willful;

i. whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of the NYLL § 142-2.4; and

j. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

48. Plaintiffs' claims are typical of the Class claims. Plaintiffs, like all Class Members, were non-management employees of Defendants who worked as grocery and deli employees. Plaintiffs, like all Class Members, were paid less than the statutory minimum wage for all hours worked, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, did not receive spread of hours pay for days when they worked in excess of ten (10) hours, and did not receive proper wage statements and wage notices, nor received meal period breaks, meals and uniforms.

49. Plaintiffs and their Counsel will fairly and adequately represent the Class. Counsel has represented numerous Plaintiffs and Defendants in class action litigation.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Separate actions undertaken by individual members of the Class would create inconsistent and various results and may affect non-party decisions for a potential class member.

51. Defendants are sophisticated parties with substantial resources. The individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

52. Financial resources of the Court will be saved by a class action and the Court has the

available resources to handle such an action.

## STATEMENT OF FACTS

53. Upon information and belief, throughout the relevant time period, the Individual Defendants, Corporate Defendants and John Does, individually and corporately 1 -20 have owned managed and operated numerous delicatessens/supermarkets throughout New York State as a "single joint enterprise" under the FLSA and NYLL.

54. Upon information and belief, all of the Defendants locations employ their staff interchangeably and Plaintiffs and other Collective and Class Members were paid in the same manner regardless of which location they worked at.

55. Upon information and belief, all of the Corporate Defendants locations exchange products and inventory frequently, and operate as a single integrated enterprise.

56. Plaintiffs are aware that the Individual Defendants are each an owner, officer, and manager of the Corporate Defendants have seen them hire, fire Plaintiffs, the Collective and Class and set work schedules and payment schedules.

**Plaintiffs' Work for Defendants**

57. **Plaintiff Peter Sanchez** was employed by Defendants as a grocery and deli employee from April 2017 to February 2023. (the "Sanchez Employment Period") at Hudson Market Place, 755 9th Avenue, New York, New York 10019. Sanchez worked seven (7) days per week for twelve (12) hours per day for a total of eighty four (84) hours per week. He was paid a weekly payment of seven hundred dollar per week ($ 700.00) which equates to Eight Dollars and thirty three cents ($ 8.33) per hour.

58. As a grocery and deli employee, Plaintiff Sanchez's duties included preparing food, counter

sales and cleaning his work area.

59. Plaintiff Sanchez was not able to take thirty (30) minute breaks and had to consume food while working.

60. Defendants never provided Sanchez or other employees the ability to track their time worked because they did not use time-clocks and were paid pursuant to schedules created by the Defendants.

61. The Plaintiff Sanchez, the Collective and the Class were never paid the proper minimum wage, overtime wage, spread of hour wage, provided meal period breaks and food, uniforms in addition to proper wage notices and wage statements.

62. **Plaintiff Carmen Lopez** was employed by Defendants as a cashier from May, 2020 to July, 2024. (the "Lopez Employment Period) at Hudson Market Place located at 755 9th Avenue, New York, New York 10019. Lopez worked seven (7) days per week from 7:00 a.m. to 4:30 p.m. for a total of sixty six and one half hours (66.5) per week. Lopez got paid ($13.50) per hour for each hour worked.

63. Lopez was not able to take thirty (30) minute breaks and had to consume food while working.

64. Defendants never provided Lopez or other employees the ability to track their time worked because they did not use time-clocks and were paid pursuant to schedules created by the Defendants.

65. The Plaintiff Lopez, the Collective and the Class were never paid the proper minimum wage, overtime wage, spread of hour wage, provided meal period breaks and food, uniforms in addition to proper wage notices and wage statements.

66. **Plaintiff Tamer Mabrouk Samir** was employed by Defendants as a stockboy from December 2013 to May, 2022 (the "Samir Employment Period) at Hudson Market Place located at 755 9th Avenue, New York, New York 10019. Samir worked seven (7) days per week from 7:00 p.m. to 7:00 a.m. for a total of eighty four (84) hours per week. Samir got paid Eight Hundred Dollars ($800.00) per week which equates to Nine Dollars and fifty two cents ($9.52) per hour.

67. Samir was not able to take thirty (30) minute breaks and had to consume food while working.

68. Defendants never provided Samir or other employees the ability to track their time worked because they

did not use time-clocks and were paid per schedules created by the Defendants.

69. The Plaintiff Samir, the Collective and the Class were never paid the proper minimum wage, overtime wage, spread of hour wage, provided meal period breaks and food, uniforms in addition to proper wage notices and wage statements.

70. **Plaintiff Ahmed Ahmed** was employed by Defendants as a stockboy and counterman from May, 2019 to August 2024 (the "Ahmed Employment Period) at Hudson Market Place located at 755 9th Avenue, New York, New York 10019. Ahmed worked six (6) days per week from 7:00 a.m. to 7:00 p.m. for a total of seventy two (72) hours per week. Ahmed got paid Eight Hundred Dollars ($800.00) per week which equates to Eleven Dollars and eleven cents ($11.11) per hour.

71. Ahmed was not able to take thirty (30) minute breaks and had to consume food while working.

72. Defendants never provided Ahmed or other employees the ability to track their time worked because they did not use time-clocks and were paid pursuant to per schedules created by the Defendants.

73. The Plaintiff Ahmed, the Collective and the Class were never paid the proper minimum wage, overtime wage, spread of hour wage, provided meal period breaks and food, uniforms in addition to proper wage notices and wage statements.

74. **Plaintiff Andres Aponte Beciril** was employed by Defendants as a deli worker and counterman from May, 2018 to May, 2023 (the "Beciril Employment Period) at Hudson Market located at 312 11th Avenue, New York, New York 10019. Beciril worked six (6) days per week from 6:00 a.m. to 4:00 p.m. for the first two (2) years of his employment and thereafter 6 days per week for sixty six (66) hours per week. Beciril got paid Twelve Dollars ($12.00) per hour during the first two years of his employment and thereafter Fifteen Dollars (15.00) per hour for the remainder of his employment.

75. Beciril was not able to take thirty (30) minute breaks and had to consume food while working.

76. Defendants never provided Beciril or other employees the ability to track their time worked because they did not use time-clocks and were paid pursuant to schedules created by the Defendants.

77. The Plaintiff Becitril, the Collective and the Class were never paid the proper minimum wage, overtime wage, spread of hour wage, provided meal period breaks and food, uniforms in addition to proper wage notices and wage statements.

78. **Plaintiff Luis Alberrto Valesquez** was employed by Defendants as a stockboy from November 27, 2019 to March 20, 2022 (the "Valesquez Employment Period) at Hamptons Food Market located at 217 1st Avenue, New York, New York 10003. Valesquez worked six (6) days per week from 7:00 a.m. to 7:00 p.m. per week for a total of seventy two (72) hours per week. Valesquez got paid Eleven Dollars ($11.00) per hour for each hour worked per week.

79. Valesquez was not able to take thirty (30) minute breaks and had to consume food while working.

80. Defendants never provided Valesquez or other employees the ability to track their time worked because they did not use time-clocks and were paid pursuant to schedules created by the Defendants.

81. The Plaintiff Valesquel, the Collective and the Class were never paid the proper minimum wage, overtime wage, spread of hour wage, provided meal period breaks and food, uniforms in addition to proper wage notices and wage statements.

82. **Plaintiff Pavias Pavia a/k/a Martin Israel** was employed by Defendants as a stockboy from December, 2020 to July 2023 (the "Pavia Employment Period") at Heavenly Market 30 St Inc. located at 312 11th Avenue, New York, New York 10001. Pavia worked eleven (11) hours per day seven (7) days per week for a total of seventy seven hours per week. Pavia got paid Eleven Dollars ($11.00) per hour for each hour worked per week.

83. Pavia was not able to take thirty (30) minute breaks and had to consume food while working.

84. Defendants never provided Pavia or other employees the ability to track their time worked

because they did not use time-clocks and were paid pursuant to schedules created by the Defendants.

85. The Plaintiff Pavia, the Collective and the Class were never paid the proper minimum wage, overtime wage, spread of hour wage, provided meal period breaks and food, uniforms in addition to proper wage notices and wage statements.

86. The Defendants' willful actions by not providing Plaintiffs, the Collective and the Class wage statements and wage notices pursuant to the NYLL prevented the Plaintiffs, the Collective and the Class from knowing if they were paid the correct amounts required by the law and to analyze their pay properly.

87. Consequently, the Plaintiffs were unable to determine whether or not they had been underpaid in violation of law.

88. Plaintiffs' have engaged in conversations with other employees of Defendants who were paid below minimum wage, were not paid spread of hour wages nor overtime wages, never had lunch breaks and did not receive wage notices nor wage statements.

## FIRST CAUSE OF ACTION
**(NYLL – Unpaid Minimum Wage)**

89. Plaintiffs, the Class and the Collective, reallege and incorporate paragraphs "1" – "88" as if fully set forth herein.

90. The NYLL requires employers to pay the minimum wage for the first forty hours worked by an employee each week worked.

91. Defendants willfully failed to pay the Plaintiffs, the Collective and Class minimum wages for each week worked.

92. The Defendants violated the NYLL by intentionally failing to pay the minimum wage to Plaintiffs, the Collective and Class.

93. Plaintiffs, Collective and Class demand to be paid unpaid minimum wages, reasonable attorneys fees and costs, liquidated damages and pre-and post- judgment interest.

**SECOND CAUSE OF ACTION**
**(FLSA – Unpaid Minimum Wage)**

94. Plaintiff, the Class and the Collective, reallege and incorporate paragraphs “1” – “93” as if fully set forth herein.

95. Defendants were required to pay Plaintiffs and the Collective federal minimum wages.

96. Defendants failed to pay the minimum wages pursuant to the FLSA.

97. Defendants actions were unlawful and willful.

98. Defendants intentional and willful actions violate the minimum wage provisions of the FLSA and the Plaintiffs’ and the Collective are entitled to damages, in addition to attorney fees and costs, liquidated damages, pre-judgment and post judgment interest and other compensation pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**(FLSA – Unpaid Overtime Wages)**

99. Plaintiff, the Class and the Collective Class, reallege and incorporate paragraphs “1” – “98 as if fully set forth herein.

100. At all times stated herein, Defendants did not pay overtime to Plaintiff and the Collective for hours worked in excess of forty hours per week.

101. At all relevant times stated herein, Defendants willfully failed to pay Plaintiffs and the Collective one and one half times the minimum wage for work in excess of forty (40) hours per week.

102. Plaintiff and the Collective, seek damages for unpaid overtime compensation, liquidated damages, attorneys’ fees and costs.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law Overtime Violations)**

103. Plaintiff, the Collective and the Class reallege and incorporate paragraphs "1" to "102" as if fully set forth herein.

104. Defendants intentionally and consistently violated the NYLL by failing to pay the Plaintiffs and the Class overtime compensation at a rate of not less than one-half times their hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

105. As a result of Defendant's intentionally willful conduct, Plaintiffs and the Class are entitled to damages, liquidated damages, pre- and- post judgment interest, costs and attorney's fees to be determined at trial, as provided by NYLL. § 663.

**FIFTH CAUSE OF ACTION**
**(New York Spread of Hours Provision)**

106. Plaintiff, the Class, and the FLSA Collective Plaintiffs, reallege and incorporate paragraphs "1" – "105" as if fully set forth herein.

107. Plaintiffs, the Class and the Collective worked in excess of ten (10) hours per day.

108. Pursuant to 12 N.Y.C.C.R. § 146-1.6, Defendants intentionally failed to compensate an additional hour at the New York minimum hourly wage rate for any day worked in excess of ten (10) hours per day.

109. As a result of Defendants' illegal and willful conduct, Plaintiffs, the Class and the Collective are entitled to an award of damages, liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**SIXTH CAUSE OF ACTION**
**(New York Labor Law Wage Prevention Act – Failure to Provide Wage Notices)**

110. Plaintiffs and the Class reallege and incorporate paragraphs "1" – "109" as if fully set forth herein.

111. Pursuant to the NYLL, Defendants are required to provide the Plaintiffs and the Class at the time of their hiring a notice containing: the rate or rates of pay, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with § 191 of the NYLL; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, the employers EIN number and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

112. The non-production of this notice prevented Plaintiffs from understanding what they should be paid and if they are being paid correctly and prevents them from telling their employer that they are not being properly paid.

113. As a result of the Defendants actions, Plaintiff, and the Class can collect damages up to a maximum of $5,000.00 per employee, reasonable attorney's fees, and costs and disbursements of this action under NYLL §195(1), NYLL § 198(1-b).

**SEVENTH CAUSE OF ACTION**
**(New York Wage Statement Requirements)**

114. Plaintiff, on behalf of himself and the Class, reallege paragraphs "1" – "113" as if they were set forth again herein.

115. Employers are required to provide employees with a wage statement containing the employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages,

itemized deductions, and/or itemized allowances pursuant to NYLL § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

116. The Defendants failed to provide this statement.

117. The failure to supply this statement also prevented the Plaintiff's from knowing what their pay was as well as whether it was the correct pay.

118. As a result, the Plaintiffs are entitled to recover from up to $ 5,000.00 in damages, reasonable attorneys' fees, and costs and disbursements of the action from the Defendants pursuant to NYLL § 195 (3), § 198(1-d).

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective and Class Members, respectfully request that this Court grant the following relief:

a. This action be deemed a collective action on behalf of the Collective Action Members and ordering the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, notifying them of this action and allowing them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to F.R.C.P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants, their officers, agents, successors, employees,

representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of damages as a result of Defendants' failure to pay minimum wage for all hours worked pursuant to the NYLL and supporting regulations;

h. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage pursuant to the NYLL and supporting regulations;

i. An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

j. An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

k. An award of two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, the Collective and Class demand a trial by jury on all questions of fact raised by the complaint.

Dated: Manhasset, New York
February 27, 2026

Respectfully submitted,

LAW OFFICES OF MITCHELL S. SEGAL, P.C.

By: /s/ Mitchell Segal
1129 Northern Boulevard, Ste 404
Manhasset, New York 11030
Ph: (516) 415-0100
Email: msegal@segallegal.com
*Attorney for Plaintiffs and the FLSA Collective and the Class*